NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000141
24-FEB-2012
08:11 AM

NO. CAAP-11-0000141

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
HENRY MOKIAU, also known as Henry Mokiao,
Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 10-1-1961)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Henry Mokiau also known as Henry Mokiao (Mokiau) appeals from the Final Judgment and Sentence of the Court, entered on February 10, 2011, in the Family Court of the First Circuit (family court).[1]

Mokiau was found guilty of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2011).

On appeal, Mokiau contends (1) the family court erred by denying his motion to dismiss the charge for lack of jurisdiction because the charge failed to provide sufficient notice of the charge and (2) there was insufficient evidence to convict him of Harassment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we

_____

[1] The Honorable Gale L.F. Ching presided.

resolve Mokiau's points of error as follows:

The charge against Mokiau was pleaded in the disjunctive which did not sufficiently apprise Mokiau of what he must be prepared to meet. See State v. Jendrusch, 58 Haw. 279, 283 n.4, 567 P.2d 1242, 1245 n.4 (1977). The State contends that charging Mokiau in the disjunctive was permissible because the terms strike, shove, kick, and otherwise touching are all forms of contact and that the terms "offensive physical contact" is inclusive of "offensive touching." **[AB at 4]**

HRS § 711-1106(1)(a) states:

> **§711-1106 Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
>
> (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

In State v. Pesentheiner, 95 Hawai'i 290, 22 P.3d 86 (App. 2001), the defendant claimed that knocking off a person's hat did not constitute "touching another person in an offensive manner or subjecting the other person to offensive physical contact." 95 Hawai'i at 294, 22 P.3d at 90 (alterations omitted). In Pesentheiner, this court stated:

> The statute thus expressly proscribes contact with an individual's person by way of a "[s]trike[], shove[], kick[]," or other method of "touch[ing][.]" However, HRS § 711-1106(1)(a) also prohibits, in the disjunctive and alternatively, acts which "subject[] [another] person to offensive physical contact[.]"
>
> On appeal, the State contends that Pesentheiner's conduct falls within the first of these prohibitions. We question this parsing of the statute. On its face, HRS § 711-1106(1)(a) strains to support a construction that defines the phrase "[s]trikes, shoves, kicks, or otherwise touches another person" as anything less than actual bodily contact, whether directly or indirectly through the clothing or other material intended to cover the body.[2] Such a construction would be contrary to the commonsense understanding imparted by the statute's choice of words.

---

[2] The concept of indirect bodily touching is explicitly articulated elsewhere in the Hawai'i Penal Code. HRS § 707-700 (1993) defines "sexual contact" as the "touching of the sexual

or other intimate parts of a person not married to the actor, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts." *See also* Model Penal Code § 250.4(4) comment (1980) (advising that the Model Penal Code subsection cognate with HRS § 711-1106(1)(a) "should be considered in connection with" the Model Penal Code section cognate with HRS § 707-700).

That said, we move to examine whether Pesentheiner nonetheless violated the alternative prohibition of HRS § 711-1106(1)(a), against "offensive physical contact[.]" Pesentheiner argues that "offensive physical contact" should be strictly construed to mean only actual contact with or touching of another individual's person.[3] However, as stated above, the plain language of HRS § 711-1106(1)(a) makes clear that the statute already proscribes such actions in its first prohibition against "[s]trik[ing], shov[ing], kick[ing], or otherwise touch[ing] another person[.]"

[3] Because Pesentheiner does not contest the district court's finding that his contact with Officer Takahashi's hat was "offensive" under HRS § 711-1106(1)(a), we do not visit that issue here.

As a general rule, "[c]ourts are bound to give effect to all parts of a statute, and . . . no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute." *In re Doe*, 90 Hawai'i 246, 250, 978 P.2d 684, 688 (1999). In light of this consideration, it becomes apparent that "offensive physical contact" must constitute more than simply the "touch[ing] [of] another person in an offensive manner" if the phrase in the disjunctive is to hold any independent meaning or effect.

We believe that "offensive physical contact" encompasses the conduct in question here, offensive contact that, while separate and apart from the various forms of actual bodily touching, nevertheless involves contact with an item physically appurtenant to the body.[] We believe that such a construction is mandated by the plain meaning of HRS § 711-1106(1)(a), read in its entirety.

Id. at 294-95, 22 P.3d at 90-91 (emphasis added and footnote omitted).

Because "offensive physical contact" has an independent and separate meaning from "touches another person in an offensive manner,"[2] the terms are not synonymous and the former is not

[2] We construe the State's use of the term "offensive touching" to be similar to the use of the same term by this court in Pesentheiner, which used it interchangeably for the term "touched in an offensive manner."

inclusive of the latter.

As this court stated in State v. McCarthy, 124 Hawai'i 129, 237 P.3d 1195, No. 29701 2010 WL 3433722, at *1 (App. Aug. 31, 2010) (mem.),

> Alternatively, this court has recommended that the better approach is to phrase the complaint in both the conjunctive and the disjunctive. "[T]he most appropriate method to allege one offense committed in two different ways is to allege in one count that the defendant committed the offense (a) in one way 'and/or' (b) in a second way." State v. Cabral, 8 Haw. App. 506, 511, 810 P.2d 672, 675-76 (1991). The supreme court has expressed agreement. State v. Batson, 73 Haw. 236, 250, 831 P.2d 924, 932 (1992).

McCarthy, 2010 WL 3433722 at *4 (footnote omitted).

Because the charge was fatally defective, the family court lacked jurisdiction over the case and we need not address Mokiau's claim that there was insufficient evidence to convict him.

Therefore,

IT IS HEREBY ORDERED that the Final Judgment and Sentence of the Family Court of the First Circuit, entered on February 10, 2011, is vacated and the case is remanded with instructions to dismiss the case without prejudice.

DATED: Honolulu, Hawai'i, February 24, 2012.

On the briefs:

Jennifer D.K. Ng,
Deputy Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge